UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00873-SPM |
| | ) |
| PNC BANK, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Plaintiff Sidney Keys, Sr.'s application to proceed in district court without prepaying fees or costs. After reviewing Plaintiff's financial information, the Court finds that he is unable to pay the filing fee and will waive the fee. Additionally, for the reasons stated below, the Court will dismiss Plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial

-1-

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## The Complaint

Plaintiff brings this case under the Court's federal question jurisdiction, stating that he was racially discriminated against, harassed, and his civil rights were violated by Defendant PNC Bank. He states that on June 9, 2025, he applied for an unsecured credit card, presumably with PNC Bank. He states his application was denied. Plaintiff does not explain the reason for the denial.

He also states PNC Bank retaliated against him for filing an earlier lawsuit by closing his credit card for no reason. For relief, he seeks "whatever the jury decides." Doc. [1] at 5.

## Discussion

Plaintiff is a frequent filer of lawsuits in this Court. This is the third time he has brought a racial discrimination case against PNC Bank. *See Keys v. PNC Bank Headquarters*, No. 4:24-cv-677-SPM (E.D. Mo. filed May 14, 2024), *Keys v. PNC Bank*, No. 4:23-cv-784-SEP (E.D. Mo. filed Jun. 16, 2023). As with his earlier cases, this case will be dismissed for failure to state a claim.

Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. §1981(a). To assert a prima facie § 1981 claim, Plaintiff must allege, among other things: (1) he was a member of a protected class; and (2) defendants acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Plaintiff does not identify his race or state that he belongs to a protected class. The Court will not assume facts Plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Even if Plaintiff had identified his race, however, the complaint contains no allegations that would establish discriminatory intent by Defendant. He also does not identify any harassment on the part of Defendant.

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a plausible claim of racial discrimination under § 1981. The case is therefore dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. Doc. [3]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot. Doc. [2]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 20th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE